IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE, | No. 2:16-cv-0574-JAM-CMK-P |
| Plaintiff, | |
| vs. | <u>FINDINGS AND RECOMMENDATION</u> |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for leave to proceed in forma pauperis (Doc. 2).

The Prison Litigation Reform Act's (PLRA) "three strikes" provision provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from

proceeding in forma pauperis unless the imminent danger exception applies. Dismissed habeas petitions do not count as "strikes" under § 1915(g). See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005). Where, however, a dismissed habeas action was merely a disguised civil rights action, the district court may conclude that it counts as a "strike." See id. at n.12. Once it is determined that the prisoner plaintiff has three or more actions dismissed as frivolous, malicious, or for failure to state a claim, the prisoner is precluded from proceeding in forma pauperis in another action unless plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1052-53 (9th Cir. 2007). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Id. at 1055.

The court has determined that plaintiff is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1985(g). See Pierce v. Sacramento New and Review, et.al., Case No. 2:15-cv-2691 JAM KJN P, Pierce v. U.C. Berkeley School of Law, et al, Case No. 2:15-cv-2694 JAM KJN P. The undersigned agrees with the findings in plaintiff's other cases.

In addition, it does not appear that plaintiff was under imminent danger of serious physical injury when he filed the instant complaint. Plaintiff's complaint is unclear, but it appears he is alleging that the court accepted fraudulent evidence in one of plaintiff's other cases. However, there are no allegations in his complaint that he is or was in any imminent danger of serious physical injury at the time he filed his complaint. Thus, the undersigned finds the imminent danger exception does not apply.

As plaintiff has not paid the filing fee, and is not eligible to proceed in forma pauperis, this action shall be dismissed, without prejudice to re-filing upon prepayment of the filing fees. See Tierney v. Kupers, 128 F.3d 1310 (9th Cir. 1998).

///

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's application for leave to proceed in forma pauperis (Doc. 2) be denied; and

2. This action be dismissed without prejudice to re-filing upon pre-payment of the filing fees.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 11, 2017

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE